**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELCY CRISTINA GARCES,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-71453<br><br>Agency No. A095-881-142<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:      BEEZER, TROTT, and BYBEE, Circuit Judges.

Elcy Christina Garces, a native and citizen of Colombia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KAD/Research

removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000), we review the denial of a motion to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir. 2003), and we review due process claims de novo, *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that Garces failed to demonstrate a nexus to a protected ground, because she testified she was targeted primarily on account of her family's perceived wealth, and Garces merely speculates that the guerillas were motivated by her political or imputed political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-83 (1992). Therefore, her asylum and withholding of removal claims fail.

Substantial evidence supports the denial of CAT protection because Garces failed to demonstrate that it is more likely than not that she will be tortured upon return to Colombia. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

The BIA did not abuse its discretion in denying both Garces' motion to reopen and her request to hold her case in abeyance, because the BIA considered the evidence she submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant either reopening or holding in abeyance.

*See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law."). Accordingly, Garces' contention that the BIA's decision violated due process fails as well. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DENIED.**